**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ZACH SERVIS**                                          **PLAINTIFF**

**v.**                                **NO. 3:26-cv-00584-DPJ-ASH**

**CITY OF JACKSON, MISSISSIPPI;**
**CHAIRMAN & MEMBERS OF THE JACKSON**
**CITY COUNCIL (official capacity);**
**BRIAN GRIZZELL (official and individual capacity);**
**VIRGI LINDSAY (individual capacity).**                **DEFENDANTS**

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

For the reasons stated in the accompanying memorandum, this honorable Court should grant this motion and enter a preliminary injunction stating as follows:

- It is ORDERED that Defendants shall not interrupt, eject, or otherwise disrupt the speech of the Plaintiff in public comments at City Council meetings, except as necessary to enforce the neutral limitations in Jackson, MS, Code of Ordinances, Ch. 2, Art. II, Div. 2, Sec. 2-71 (b) and (c).

- It is ORDERED that Defendants shall not enforce the following subsections of Jackson, MS, Code of Ordinances, Ch. 2, Art. II, Div. 2, Sec. 2-71:

    - 2-71(d)

    - 2-71(e)

    - 2-71(f)

- It is ORDERED that Defendants shall not attempt to silence, interrupt, eject, prosecute, or otherwise censor any person making public comments at City Council meetings based on the viewpoint expressed or the contents of their speech.

1

- It is ORDERED that, before each public comment period in meetings taking place while this Order is in effect, the Chairman shall state the following to the public: "Pursuant to a federal court order, we will not silence, interrupt, eject, prosecute, or otherwise censor any person making public comments at City Council meetings based on the viewpoint expressed or the contents of their speech."

- Notwithstanding this Order, Defendants may remove from the chamber any person whose conduct represents a bona fide threat to persons or property.

Alternatively, if an injunction of all these portions of the ordinance is inappropriate - or if only the as-applied challenge has merit - then Plaintiff seeks an injunction tailored to the constitutional issues which the Court identifies as substantially likely to succeed on the merits.

Respectfully submitted on August 12, 2026,

*/s/ Joel Dillard                          ,*
Joel Dillard (MSB 104202)
JOEL F. DILLARD, P.A.
775 North Congress Street
Jackson, Mississippi 39202
(601) 509-1372, ext. 2
joel@joeldillard.com