**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ZACH SERVIS** **PLAINTIFF**

**v.** **NO. 3:26-cv-00584-DPJ-ASH**

**CITY OF JACKSON, MISSISSIPPI, ET AL.** **DEFENDANTS**

**DEFENDANTS' AMENDED RULE 68 OFFER OF JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 68, Defendants City of Jackson, Mississippi and Brian Grizzell and Virgi Lindsay in their individual capacities (collectively "Defendants"), hereby offer to allow judgment to be taken against them and in favor of Plaintiff Zach Servis ('Plaintiff') upon the following terms and conditions:

**1. Nominal Damages**

Judgment shall be entered in favor of Plaintiff and against Defendants in the amount of $1.00 in nominal damages.

**2. Attorneys' Fees and Costs**

Judgment shall be entered in favor of Plaintiff and against Defendants in the amount of Ten Thousand Dollars ($10,000.00), inclusive of all reasonable attorneys' fees, litigation expenses, and costs incurred by Plaintiff to date in this action pursuant to 42 U.S.C. § 1988 or any other applicable authority.

**3. Injunctive and Declaratory Relief**

Defendants agree and consent to the entry of judgment declaring that Plaintiff's protected speech may not be censored or restricted in violation of the First Amendment.

**4. Defendant City of Jackson further agrees:**

a. To suspend enforcement of the provisions of City of Jackson Code of Ordinances Section 2-71 challenged by the Plaintiff in this civil action, namely the restrictions contained in Sections 2-71(d), (e), and (f).[1]

b. To collaborate in good faith with the Foundation for Individual Rights and Expression (FIRE) to develop amendments or replacements to § 2-71 that comply with the United States Constitution.

c. To present such recommended amendments or repeal of Section 2-71 to the Jackson City Council for consideration in the ordinary course of legislative procedure.

**5. Resolution of All Claims**

Acceptance of this Offer of Judgment shall operate as a full and final disposition of all claims asserted against Defendant City of Jackson, and of all official-capacity and individual-capacity claims

---

[1] § 2-71 provides in part:

> (d) Notwithstanding any other provisions, no person shall address the council with reference to any personnel matter during any open meeting of the city council.
>
> (e) No derogatory remarks concerning councilmembers or anyone present in the council chamber shall be permitted. The president shall suspend irrelevant speaking. A majority of the members of the council have· the right to suspend irrelevant speaking at any council meeting.
>
> (f) Any person making personal, impertinent, or slanderous remarks, derogatory remarks concerning councilmembers or anyone present in the council chambers, or who uses abusive, vulgar, or profane language, or who shall become boisterous while addressing the council shall be forthwith, by the presiding officer or the clerk of council, barred from further audience before the council and/or barred from council chambers, unless permission to continue or stay be granted by a majority vote of the council.

asserted against Defendants Brian Grizzell and Virgi Lindsay, arising from or related to the allegations contained in Plaintiff's Verified Complaint.

**5. No Admission of Liability**

This Offer of Judgment is tendered solely to mitigate the burden, uncertainty, and expense attendant to continued litigation. Defendants expressly deny liability and submit this offer without any admission of wrongdoing. This offer is made strictly for the purposes contemplated by Fed. R. Civ. P. 68, and neither the offer nor any judgment entered pursuant thereto shall be construed as an admission of personal or municipal liability by any Defendant.

**6. Effect of Acceptance**

Should Plaintiff accept this Offer of Judgment within the time and manner prescribed by Fed. R. Civ. P. 68(a), judgment shall be entered in accordance with its terms. If the Offer is not accepted, it shall be deemed withdrawn and shall be inadmissible. This Offer of Judgment shall remain open for fourteen (14) days following service, after which—if not accepted in writing—it shall be deemed withdrawn pursuant to Fed. R. Civ. P. 68(b).

Respectfully Submitted, this the 21st day of October, 2026.

**CITY OF JACKSON, MISSISSIPPI**

By: *s/ Samuel L. Begley, Esq.*

Samuel L. Begley, MSB No. 2315
OFFICE OF THE CITY ATTORNEY
401 E. Capitol St., Suite 300 (39201)
Post Office Box 2779
Jackson, Mississippi 39207-2779
601-960-1799 (office)
601-960-1756 (facsimile

*Attorney for Defendants City of Jackson, Mississippi and Brian Grizzell and Virgi Lindsay in their individual capacities*

**<u>CERTIFICATE OF SERVICE</u>**

I, Samuel L. Begley, Esq., do hereby certify that I have this day served via United States Mail with postage prepared, and/or by electronic mail, a true and correct copy of the foregoing **Defendants' Rule 68 Amended Offer of Judgment upon** counsel for the Plaintiff as follows:

Joel F. Dillard
JOEL F. DILLARD, PA
775 N. Congress St.
Jackson, MS 39202

Email: joel@joeldillard.com

So certified this the 21st day of October, 2026.

*<u>Samuel L. Begley</u>*